IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK O'NEIL HALL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0375-L |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Patrick O'Neil Hall, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 20 years confinement. His conviction and sentence were affirmed on direct appeal. *Hall v. State*, No. 05-04-01242-CR, 2005 WL 895575 (Tex. App.--Dallas, Apr. 19, 2005). Petitioner did not file a petition for discretionary review or seek state post-conviction relief. Instead, he filed a federal writ of habeas corpus alleging that: (1) the indictment was defective, (2) the prosecutor failed to disclose evidence favorable to the defense, (3) the evidence was factually insufficient to support his conviction, and (4) he received ineffective assistance of counsel.

On March 24, 2006, the court sent written interrogatories to petitioner in order to determine whether these claims were raised in state court. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.

1985). Petitioner filed his interrogatory answers on March 30, 2006. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner has not filed a petition for discretionary review or sought state post-conviction relief. (*Spears* Quest. #1).[1] As a result, the Texas Court of Criminal Appeals has never had an opportunity to consider his claims. Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[1] The pleading filed by petitioner, which is entitled "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," suggests that he may have intended to file this action in state district court.

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE